# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DONALD ROBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | )    2:08-cv-455-RLY-WGH |
| ALAN FINNAN, et al., | ) |
| | ) |
| Defendants. | ) |

## Entry Discussing Motion for Summary Judgment

Donald Robbins, an inmate at the Wabash Valley Correctional Facility ("Wabash Valley"), alleges in this civil rights action that prison personnel violated his federally secured rights by failing to protect him from attack in July 2007. The defendants have appeared in the action and seek resolution of Robbins' claim through the entry of summary judgment. Robbins opposes the motion for summary judgment.

Whereupon the court, having considered the pleadings, the motion for summary judgment, the briefs relevant to such motion, and the evidentiary record, and being duly advised, now finds that the motion for summary judgment (dkt 44) must be **granted.** This conclusion is based on the following facts and circumstances:

1.   It is argued in the motion for summary judgment that Robbins' lawsuit was filed prematurely because he failed to comply with a statutory requirement that he exhaust available administrative remedies prior to filing suit.

   a.   This motion must be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

    b.    The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." FED. R. CIV. P. 56(e)(2).

    2.    "The primary purpose of summary judgment is to isolate and dispose of factually unsupported claims." *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996)(citing *Anderson,* 477 U.S. at 248).

    3.    The law applicable to the motion for summary judgment is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). This requirement is intended to serve the dual purpose of affording "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into courtl[,]" and to improve the quality of inmate suits filed through the production of a "useful administrative record." *Jones v. Bock,* 549 U.S. 199, 204 (2007) (citations omitted). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter,* 534 U.S. at 532 (citation omitted).

    4.    "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

    5.    The facts pertinent to the motion for summary judgment, which is to say that the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Robbins as the non-moving party, *see Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000), are the following:

    a.    At the time pertinent to his claim in this action, Robbins was a prisoner confined at Wabash Valley. At that same time, Wabash Valley had an inmate grievance procedure.

b. The procedure is begun when an offender submits a grievance form to the Grievance Specialist. An offender must file a grievance within 20 business days from the day of the event that is the subject of the grievances and, if the grievance is not resolved in a manner that satisfies the offender, he may pursue the issue by filing an appeal to the Department of Correction's Offender Grievance Manager. The proper or full exhaustion of the grievance process requires pursuing an appeal to the final (second) step.

c. The grievance procedure also has procedural requirements of which the offenders are aware. These requirements include, but are not limited to, requiring the offender to pursue the informal grievance process before participating in the formal grievance process and requiring the offender to complete the proper grievance form, as well as comply with the requirements of that form.

d. Robbins' claim here is that the defendants were deliberately indifferent to the serious risk of assault by another inmate which Robbins faced and which Robbins communicated to them. The defendants' failure to intervene is within the scope of treatment and/or conditions of confinement which could be grieved under the grievance procedure in effect at Wabash Valley.

e. Robbins submitted a grievance in July 2007 regarding the assault. This grievance was returned to him with instructions to obtain his counselor's signature on it. He submitted a second grievance, which was a duplicate of the earlier grievance, and this was also returned to him. Robbins did not submit a properly completed grievance either during the 20-day period described in paragraph 5.b. of this Entry or thereafter.

6. Robbins suggests that he did not receive help from various prison counselors at a time when he requested it, but only one of the counselors he identifies–Jim Baker–was Robbins' counselor at the time. Along with documents and information which do not pertain to the exhaustion requirement, Robbins offers conclusory statements that these counselors prevented him from filing a grievance or refused to permit him to file a grievance, but these conclusory statements are not sufficient to create a genuine issue of fact and thus are not sufficient to defeat the defendants' motion for summary judgment, for "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990); see also *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002)("The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion.")(internal quotation and citation omitted).

7. The Supreme Court has stressed that futility or other exceptions will not be read "into statutory exhaustion requirements where Congress has provided otherwise". *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001). Accordingly, under the PLRA, "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory". *Woodford v. Ngo,* 548 U.S. 81, 85 (2006). At the time Robbins filed this action, he had not filed a grievance. Rather than showing that proper exhaustion occurred, the record shows that the lawsuit was filed prematurely, just as in *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

> Ford's real problem . . . is timing. Section 1997e(a) says that exhaustion must precede litigation. "No action shall be brought" until exhaustion has been completed. . . . And these rules routinely are enforced . . . by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending . . . . To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until those efforts have run their course.

*Ford,* 362 F.3d at 398 (internal citations omitted).

8. The consequence of these circumstances, in light of § 1997e(a), is that Robbins' claim in this case should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that all dismissals under § 1997e(a) should be without prejudice."). The motion for summary judgment (dkt 44) is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/18/2010

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana